THE PEOPLE *v.* FAJARDO.

APPEAL from the District Court of San Juan, Section 2.

No. 442.—Decided June 5, 1912.

CRIMINAL LAW—ILLEGAL PRACTICE OF DENTISTRY—EVIDENCE—LETTERS AS EVI-
DENCE.—After examining the evidence in the case this court considered it insuf-
ficient to sustain the judgment of conviction rendered against the defendant,
because the letter which was introduced by the *fiscal* is not sufficient to show
that the defendant is not authorized to practice the said profession. Speaking

generally, a letter whose contents are not sworn to is not evidence at all, although it may be when properly admitted in the absence of a valid objection.

Section 123 of the Law of Evidence provides the three methods of introducing the testimony of a witness at a trial, among which letters are not mentioned.

The facts are stated in the opinion.

*Mr. Celestino Iriarte* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a prosecution for the illegal practice of dentistry. The case originated in the municipal court, where the appellant was convicted, and on appeal to the district court a second conviction followed, with a $50 fine. The case was finally brought here on appeal, and on a hearing the *fiscal* admits that the evidence is insufficient to sustain a conviction. The complaint charges Fajardo with the offense of illegally practicing dental surgery committed in the following manner:

"That on December 28, 1911, at 1 p. m. and at Stop 17 of Santurce in the municipal judicial district of San Juan, P. R., said defendant voluntarily and illegally devoted himself to the practice of dental surgery, without being authorized by law to exercise said profession, thereby violating the provisions of the section of the law of the Legislative Assembly of March 12, 1903."

In examining the proof, we think it is insufficient on account of the failure of the prosecution to show the lack of authority under the law to practice the profession of dentistry. The letter which was offered to sustain this allegation is vague and uncertain in its terms and does not explicitly state any fact pertaining to this case. Besides an unverified letter is not generally evidence, although it may be when properly admitted in the absence of a valid objection. There are only three methods of taking the testimony of a witness on the trial of a case in this Island, to wit: 1. By affidavit; 2. By deposition; 3. By oral examination. See sec. 123 of the Law of Evidence. A witness cannot testify by letter. Although the objections made to the letter were untenable, still,

taking it for true, it does not prove the lack of legal authority on the part of the defendant to practice dentistry.

If the accused is guilty, the *fiscal* of the district court must prove him to be so; and, until such proof is forthcoming, he is protected by the presumption of innocence. For the reasons stated the judgment of the district court should be reversed and a judgment rendered here aquitting the appellant of the charge presented.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.